07-60340.ob

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-60340-CIV-COOKE-BROWN

NW SIGN INDUSTRIES, INC. f/k/a
NW SIGN INDUSTRIES OF FLORIDA,
INC.,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO AMEND ANSWER

**This matter** is before this Court on Defendant's Motion to Amend Answer (D.E. 52). The Court has considered the motion, the response, the reply, and all pertinent materials in the file. In addition, on January 16, 2008, a hearing was held and argument of counsel considered.

The Court finds numerous problems with defendant's request. Defendant filed its answer in this case (in State Court) some ten months prior to the filing of this motion...and long after the deadline for amending pleadings. It was filed, not coincidentally, about one month after plaintiff's motion for judgment on the pleadings. Accepting, for the purposes of this motion, the reasons for this late effort, the Court rejects two principle claims of defendant: (1) this is a "ministerial" act, only; and (2) it will have no effect on the scheduling in this case.

The case of <u>Sosa v. Airprint Systems, Inc.</u>, 133 F. 3d 1417 (11th Cir. 1998) is controlling and <u>Donahay v. Palm Beach Tours & Transportation, Inc.</u>, 243 F.R.D. 697 (S.D. Fla. 2007) is instructive,

1

notwithstanding defendant's attempts to distinguish same. Even if defendants in that case were seeking to do more than is being sought herein, that distinction, alone, is not sufficient to grant the relief sought.

Defendant would have this Court believe that this amendment would simply correct a mistaken choice of words, plaintiff would accept same and, among other things, withdraw the pending motion for judgment on the pleadings...and, perhaps, ride off into the sunset. Plaintiff, understandably, tells a different story...and, without making determinations as to who's right and who's wrong, it is more likely than not that a granting of this motion will play out with additional filings, possible additional requests for discovery, and possible additional requests for additional time to file a motion or motions addressed to this issue...all the more reinforcing the decision to be made herein - especially with an April trial date.

The fact is this motion is filed six months after the deadline for amending pleadings, six weeks after the deadline for competing discovery, and after the deadline for filing dispositive motions. Those motions, already filed, were based, in part, on the pleadings as they stood. Discovery took place and was completed based on the pleadings as they stood. It would be unconscionable to allow this amendment and not also allow plaintiff the opportunity for discovery, if needed, and to allow plaintiff to at least amend currently filed dispositive motions - if not file new ones. The impact on the trial date less than three (3) months away is obvious.

While defendant herein, as in both cases cited, understandably wants this Court to focus on FRCP 15 and the liberality of allowing amendments, since this request to amend is outside the Court's scheduled deadline, as those cases note, the focus must first be on FRCP16(b). Glaringly missing from the motion is the good cause - good cause, that is, for why an alleged "mistake" was not discovered for ten months after it was made and sitting in the record, and then only after plaintiff filed the pending motion for judgment on the pleadings.

Defendant's attempt at "minimization" is also unpersuasive. Defendant suggests that this is an obvious error as indicated in the response to the very next paragraph of the complaint. To be kind - this is stretching. Paragraph 14 of the amended complaint refers to a document dated November 7, 2005. Defendant, in the answer, describes same as a "change order"...the words sought in this motion to be retracted and changed (to a "quotation"). As support for the obvious error, defendant claims "[I]n...Response to Paragraph 15..., the appropriate term was used" (page 2 of the motion). However, paragraph 15 of the amended complaint refers to a different document bearing a different date, and in no way can this Court reach the "obvious conclusion" defendant desires. It is clear from defendant's own proposed amendment that there are "quotations" and there are "change orders" and the fact that one term was used in response to one document hardly supports the alleged mistake when referring to a different document.

This Court is aware of the purported circumstances surrounding this alleged mistake and is not unsympathetic in that regard. However, that circumstance, the Court sympathies notwithstanding, cannot stand as the basis for a different conclusion.

Therefore, for the reasons stated herein, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Marcia G. Cooke
      Counsel of record